```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UBS FINANCIAL SERVICES INC.,                                  :
                                    Plaintiff,                :
                                                              :           16 Civ. 7515 (LGS)
             -against-                                        :
                                                              :                ORDER
REVENUE FUNDING SERVICES LLC, et al.,                         :
                                    Defendants.               :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on November 26, 2019, Defendant Maurice Herman and all remaining Defendants but for Defendant JPMorgan, (herein "Herman Defendants"), filed a letter motion for sanctions pursuant to 28 U.S.C. §1927 and the Court's inherent powers against Plaintiff UBS Financial Services, Inc. (herein "UBS") (Dkt. No. 88);

WHERAS, on December 9, 2019, the Court issued an order stating that the Court would likely decide the motion on the letters and directing the Herman Defendants to file any evidence to prove the alleged conduct, and to prove that such conduct was taken in bad faith, on ECF by December 16, 2019 (Dkt. No. 92);

WHEREAS, the Herman Defendants failed to file any such evidence;

WHEREAS, on December 17, 2019, the Court issued an Order denying the letter motion for sanctions brought by the Herman Defendants because the allegations, without supporting evidence, were insufficient to support the factual finding of bad faith required to support sanctions under either 28 U.S.C. § 1927 or the Court's inherent power (Dkt. No. 93);

WHEREAS, on December 18, 2019, the Herman Defendants filed a letter motion for reconsideration of the December 17, 2019 Order and requesting an extension to provide

supporting evidence. The letter asserted that the undersigned fell ill on December 16, 2019 (Dkt. No. 94);

WHEREAS, on December 18, 2019, UBS filed a letter in opposition to the request for reconsideration. The letter asserted that "there is no basis for reconsideration of the Court's December 17th Order. The Court allowed the Herman Defendants a full week, beginning on December 9, 2019, to submit evidence of alleged bad faith. [The Herman Defendants' counsel] became ill on December 16, 2019, the day the submission was due. Moreover, we believe the Herman Defendants' baseless attempt to seek sanctions is nothing more than a tactic to try and delay entry of an order directing UBS to transfer the interpleader funds to JP Morgan (Dkt. No. 95);

WHEREAS, "[a] motion for reconsideration should be granted only when the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013); *accord Elgalad v. New York City Dep't of Educ.*, No. 17 Civ. 4849, 2019 WL 4805669, at *3 (S.D.N.Y. Sept. 30, 2019) ("A motion for reconsideration is not "an opportunity for making new arguments that could have been previously advanced.")

WHEREAS, the standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted);

WHEREAS, Defendant does not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice. It is hereby

**ORDERED** that the Herman Defendants' motion at Dkt. No. 94 is denied.

Dated: December 20, 2019
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**